UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRK SPENCER  (#107286)
A/K/A ABDULLAH MUHAMMAD

VERSUS                                                          CIVIL ACTION

BURL CAIN,  ET AL                                        NUMBER 05-1043-B-3

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _September 25_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRK SPENCER (#107286)
A/K/A ABDULLAH MUHAMMAD

VERSUS                                                          CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 05-1043-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 52. The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Col. Blane Lachney, Lt. Col. K. Benjamin, Sgt. John Hogue, Capt. Edmond.[2] Plaintiff alleged that he was placed in administrative segregation after expressing his disagreement with Chaplain Abdullah's decision to remove a fellow inmate from a religious organization in violation of his First Amendment rights. Plaintiff further alleged that the defendants conspired to issue a false disciplinary report in retaliation for opposing the removal of another inmate from the religious organization.

Defendants[3] Col. Lachney and Lt. Col. Benjamin moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy

---

[1] Record document number 54.

[2] Plaintiff's claims that he was issued a false disciplinary report and was denied due process at a disciplinary board hearing were previously dismissed. In addition, the plaintiff's claims against Richard L. Stalder, Burl Cain, Doug Durrett and Yusuf Abdullah were previously dismissed. Record document number 25. The dismissal was affirmed on appeal. Record document number 32.

[3] Sgt. John Hogue and Capt. Edmond were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

Procedure ("ARP") number LSP-2005-15758, a true copy of which was previously filed in the record.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the claims raised against them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d

503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

In his complaint, the plaintiff identified disciplinary process LSP-2005-15758-W as the administrative grievance in which he exhausted available administrative remedies regarding the claims raised in the complaint.[4]

The summary judgment evidence showed that in LSP-2005-15758 the plaintiff appealed the decision of a disciplinary board which found him guilty of a disciplinary reports issued on February 18, 2005. In the disciplinary board appeal the plaintiff complained that the disciplinary report was false, that he did not pose a threat to security, that he was denied the right to call witnesses or face his accuser during the disciplinary hearing and that he received an excessive sentence.

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding his First Amendment, retaliation and conspiracy claims.

In opposition to the defendants' motion for summary judgment the plaintiff argued

---

[4] Amended complaint, record document number 4.

3

that he mentioned these claims in his appeal of the disciplinary board decision. Plaintiff argued that his general reference to free speech, retaliation and conspiracy is sufficient to satisfy the exhaustion requirement. Plaintiff's argument is not persuasive.

Plaintiff's mention of free speech, retaliation and conspiracy claims in his disciplinary board appeal is insufficient to satisfy § 1997e's proper exhaustion requirement. When the plaintiff raised these issues in his disciplinary board appeal rather than in a two-step Administrative Remedy Procedure, he failed to follow the proper procedures adopted by the prison system.[5] Although the plaintiff argued that he filed an administrative grievance on March 14, 2005 which was rejected on April 28, 2005, he did not argue that the administrative grievance was related to the claims raised in the complaint. Moreover, he did not attach a copy of the administrative grievance in support his memorandum in opposition to the defendants' motion for summary judgment. It is well established that unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The record shows that the plaintiff failed to exhaust available administrative remedies regarding his First Amendment, retaliation and conspiracy claims as required by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed. It is further recommended

---

[5] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the prisoner rule book approved by this court in *Hayes Williams v. John McKeithen, et al*, CA 71-98-B (M.D. La.) *affirmed*, 547 F.2d 1206 (5th Cir. 1977).

that the claims against Sgt. John Hogue and Capt. Edmond be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, _September 25_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE